UNITED STATES v. LUEY GUEY AUCK.

(District Court, D. Vermont. March 12, 1902.)

DEPORTATION OF CHINESE—JURISDICTION.
A proceeding to deport a Chinese person will be dismissed where he appears to have been already ordered deported by the commissioner of another district, the latter having acquired an exclusive jurisdiction of the case.

Chinese Appeal.

Fuller C. Smith, for appellant.
James L. Martin, U. S. Atty.

WHEELER, District Judge. The appellant appears to have been ordered to be deported by Commissioner Paddock, of the Northern district of New York, and to have been deported thereupon, notwithstanding an attempted appeal, which he claims was perfected, and the government claims was not. If the appeal was perfected there, it should be heard there, and the case and the man disposed of there, according to the usual course. If the appeal was not perfected, the original order of deportation remains there in full force, to be carried out unaffected by the attempt to appeal. The appearance of the man in this country again shows either that the order has not been effectively executed, or that he has returned to this country in violation and contempt of it. If it has not been fully executed, the marshal there should complete the execution of it. If he is here in violation of it, the court there should deal with him for that. He is not entitled to try his luck in successive districts by appearing in them, but only in one, and the one which first takes jurisdiction of him and of his claims of a right to remain here. This court cannot properly deport him or discharge him, but only dismiss the proceedings, which releases him, to be proceeded with by the authorities of that district as they may be advised.

Proceedings dismissed.